# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

UNITED STATES OF AMERICA,       :

                                    :

v.                                             :

                                    :           CASE NO.: 1:12-CR-6 (WLS)

ROBERT B. SPERRAZZA,        :

                                    :

      Defendant.               :

_____ :

## ORDER

Presently pending before the Court is Defendant's Response in Opposition to Motion for Preliminary Order of Forfeiture and Motion to Reconsider. (Doc. 80.) The Court issued a Preliminary Order of Forfeiture on October 7, 2013 granting the Government's Amended Motion for the Issuance of a Preliminary    Order of Forfeiture. (*See* Docs. 77 & 78.)   The Court granted said Motion before Defendant responded. Although the law clearly supports the Government's position, the Court will briefly address Defendant's position.

Defendant was found guilty of two counts of structuring financial transactions, in violation of 31 U.S.C. § 5324, as charged in the Amended Indictment. (*See* Docs. 1, 41, 59.) Defendant was noticed in the indictment that, upon conviction of a violation of 31 U.S.C. § 5324, Defendant "shall forfeit to the United States of America any and all property, real or personal, involved in and/or traceable to the aforesaid violations, including but not limited to, a personal money judgment in an amount to be determined, representing the amount of currency involved in the aforesaid transaction(s), pursuant to Title 31 United States Code, Section 5317." (Doc. 1 at 7-8.) 21 U.S.C. § 853, incorporated by 31 U.S.C. § 5317, states that any "property constituting,

1

or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation" shall be forfeited to the Government. 21 U.S.C. § 853(a)(1).

Defendant was found guilty of structuring financial transactions involving $440,067.99 in 2007 and $430,171.00 in 2008, which totals $870,238.99. (*See* Docs. 1, 41, 77.) "As soon as practical after a verdict or finding of guilty … [i]f the government seeks a personal money judgment, *the court* must determine the amount of money that the defendant will be ordered to pay." FED. R. CRIM. PRO. 32.2(b)(1)(A) (emphasis supplied). The Court finds that there is sufficient evidence in the record developed at trial to support a finding that a personal money judgment in the amount of $870,238.99 is appropriate.

The Court rejects Defendant's claim that he was entitled to have the jury determine the issue of forfeiture.[1] *See United States v. Curbelo*, 726 F.3d 1260, 1278 n.10 (11th Cir. 2013) (citing *Libretti v. United States*, 516 U.S. 29, 49 (1995)) ("[W]e note that 'the right to a jury verdict on forfeitability does not fall with the Sixth Amendment's constitutional protection.' ") The Court also rejects Defendant's claim that the order of forfeiture violates the Excessive Fines Clause of the Eighth Amendment. *See United States v. Strelski*, 523 F. App'x 704, 707-08 (11th Cir. 2013) ("The punishments selected by the legislature show that it considers structuring to be a serious offense that warrants a serious punishment, and we cannot second guess that judgment based on our

---

[1] There is no right to have a jury determine the issue of forfeiture under the Sixth Amendment. *Libretti v. United States*, 516 U.S. 29, 49 (1995). However, Federal Rule of Criminal Procedure 32.2 gives the defendant the right to have the jury determine the issue of forfeiture in some instances after the jury returns a guilty verdict if "a party timely requests to have the jury determine forfeiture." FED. R. CRIM. PRO. 32.2(b)(5). Neither party made such a request.

estimation of what harm the government may or may not have suffered.")  Accordingly,

Defendant's Motion to Reconsider (Doc. 80) is **DENIED.**

      **SO ORDERED**, this  5th  day of November, 2013.


                           /s/ W. Louis Sands
                           **THE HONORABLE W. LOUIS SANDS,**
                           **UNITED STATES DISTRICT COURT**